JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00347-RGK-PJW | Date | March 15, 2019 |
|---|---|---|---|
| Title | *LUNN v. ALLIANZ GLOBAL CORP. & SPECIALTY SE, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**   **(IN CHAMBERS)** Order Re: Plaintiff's Motion to Compel Arbitration (DE 14)

## I.   INTRODUCTION

On January 14, 2019, Steven Lunn ("Plaintiff") filed a First Amended Complaint ("FAC") against American CyberSystems, Inc. ("ACS"); Tata Consultancy Services ("TCS"); Allianz Global Risks U.S. Insurance Company ("Allianz"); and Kanagaraj Vellaisamy ("Vellaisamy") (collectively, "Defendants") in superior court. Plaintiff alleges twenty-eight employment-related claims, including harassment, wage and hour violations, and discrimination. On January 16, 2019, Defendants removed the action to federal court based on diversity jurisdiction.

Presently before the Court is Defendants' Motion to Compel Arbitration (DE 14). Defendants move to compel arbitration pursuant to an arbitration agreement addendum to a Project Employment Agreement or, in the alternative, pursuant to an arbitration provision within a Confidentiality Agreement.

For the following reasons, the Court **grants** the Motion.

## II.   FACTUAL BACKGROUND

Plaintiff was employed by TCS, a consulting company, as a Change Management Specialist. TCS assigned Plaintiff to work at Allianz. During this time, Vellaisamy worked for TCS as a project manager. On March 20, 2018, Plaintiff's employment was terminated.

In connection with his TCS employment, Plaintiff signed a Confidentiality Agreement with TCS that includes an arbitration clause.

In 2017, in preparation for working for TCS and Allianz, Plaintiff signed a Project Employment Agreement with ACS, a staffing company. Defendants claim that ACS was Plaintiff's employer and that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-00347-RGK-PJW | Date | March 15, 2019 |
|---|---|---|---|
| Title | *LUNN v. ALLIANZ GLOBAL CORP. & SPECIALTY SE, et al.* | | |

ACS assigned Plaintiff to work at TCS and, in turn, Allianz. Plaintiff disputes this and claims that he believed he worked only for TCS and Allianz from the outset.

The Project Employment Agreement executed between Plaintiff and ACS includes an addendum entitled "Arbitration Agreement," which mandates that the parties resolve disputes through arbitration. The Arbitration Agreement provides that arbitration procedures will be administered in accordance with JAMS Comprehensive Arbitration Rules & Procedures ("JAMS Rules").

### III.   JUDICIAL STANDARD

The Federal Arbitration Act ("FAA") provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Under the FAA, courts are required "to compel arbitration 'in accordance with the terms of the agreement' upon the motion of either party to the agreement (assuming that the 'making of the arbitration agreement or the failure to . . . perform the same' is not at issue)." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 344 (2011) (quoting 9 U.S.C. § 4). The role of the Court is to determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

The FAA establishes federal policy that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). Once an arbitration agreement is found to be valid, enforceable, and applicable, the court shall stay the action pending the outcome of the arbitration or dismiss the action. 9 U.S.C. § 3; *Sparkling v. Hoddman Constr. Co. Inc.*, 864 F.2d 635, 638 (9th Cir. 1988).

### IV.   DISCUSSION

The Court must determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron*, 207 F.3d at 1130. Before making those determinations, the Court addresses whether the nonsignatories may enforce the Arbitration Agreement.

####   A.   Nonsignatory Defendants

Under the FAA, a nonsignatory may invoke arbitration "if the relevant state contract law allows the litigant to enforce the agreement." *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1128 (9th Cir. 2013) (citing *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 632 (2009)). "[N]onsignatories of arbitration agreements may be bound by the agreement under ordinary contract and agency principles." *Comer v. Micor, Inc.*, 436 F.3d 1098, 1101 (9th Cir. 2006) (citation omitted).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00347-RGK-PJW | Date | March 15, 2019 |
|---|---|---|---|
| Title | *LUNN v. ALLIANZ GLOBAL CORP. & SPECIALTY SE, et al.* | | |

Plaintiff argues that the nonsignatory defendants—TCS, Allianz, and Vellaisamy—cannot enforce the Arbitration Agreement because (1) the Arbitration Agreement does not apply to the nonsignatory defendants, and (2) the nonsignatory defendants waived the right to compel arbitration.

### 1. *TCS and Allianz*

A third party beneficiary of a contract may enforce the terms of that contract. *See* Cal. Civ. Code § 1559. "A third party qualifies as a beneficiary under a contract if the parties intended to benefit the third party and the terms of the contract make that intent evident." *Karo v. San Diego Symphony Orchestra Ass'n*, 762 F.2d 819, 821–22 (9th Cir. 1985) (citing *Strauss v. Summerhays*, 157 Cal. App. 3d 806, 816 (1984)). To discern whether a party is an intended beneficiary, courts look to "the intention of the parties, gathered from reading the contract as a whole in light of the circumstances under which it was entered." *Prouty v. Gores Tech. Gr.*, 121 Cal. App. 4th 1225, 1233 (2004) (citation omitted).

Plaintiff and ACS executed the Project Employment Agreement, which expressly provides that its terms include the Arbitration Agreement attached thereto. (Oberg Decl. Ex. 2 ¶ 15, ECF No. 14.) The Agreement also expressly makes all Assigned Customers of ACS intended third party beneficiaries to the Project Employment Agreement and, in turn, the Arbitration Agreement. (*Id.* ¶ 16.) Because both TCS and Allianz fall within the definition of "Assigned Customer" as provided in the Project Employment Agreement, (Oberg Decl. Ex. 2, at 2.), they are intended third party beneficiaries of the contract.

Accordingly, TCS and Allianz may enforce the Arbitration Agreement against Plaintiff.

### 2. *Vellaisamy*

A nonsignatory may enforce an arbitration agreement under the agency exception, which applies "when a plaintiff alleges a defendant acted as an agent of a party to an arbitration agreement." *Thomas v. Westlake*, 204 Cal. App. 4th 605, 613 (2012). Plaintiff alleges that Vellaisamy worked as a project manager for TCS, and it is reasonably inferred from the Complaint that Vellaisamy's alleged wrongful acts were committed in the scope of his role as a project manager. Therefore, in the context of Plaintiff's claims, Vellaisamy is an agent of TCS. *See* Cal. Civ. Code § 2295; *see also Rogers v. Whitson*, 228 Cal. App. 2d 662, 671–72 (1964). Because TCS is a party to the Arbitration Agreement and Vellaisamy is its agent, Vellaisamy can enforce the Arbitration Agreement.

### 3. *Waiver of the Right to Compel Arbitration*

The Court next turns to whether Defendants have waived their right to compel arbitration. Plaintiff argues that Defendants' conduct constituted a waiver because (1) Defendants removed the case to federal court; (2) Defendants failed to produce documents required under the California Labor Code; and (3) TCS provided its own arbitration clause.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00347-RGK-PJW | Date | March 15, 2019 |
|---|---|---|---|
| Title | *LUNN v. ALLIANZ GLOBAL CORP. & SPECIALTY SE, et al.* | | |

Courts cannot compel arbitration where the party seeking to compel arbitration has waived that right. Cal. Civ. Proc. Code § 1281.2. Waiver signifies "the voluntary relinquishment of a known right [or] the loss of an opportunity or a right as a result of a party's failure to perform an act it is required to perform . . . ." *Platt Pacific, Inc. v. Andelson*, 6 Cal. 4th 307, 315 (1993). Courts may consider "whether the party's actions are inconsistent with the right to arbitrate." *St. Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal. 4th 1187, 1196 (2003) (quoting *Sobremonte v. Super. Ct.*, 61 Cal. App. 4th 980, 992 (1998)).

"[A] party who resists arbitration on the ground of waiver bears a heavy burden . . . and any doubts regarding a waiver allegation should be resolved in favor of arbitration . . . ." *Id.* at 1195 (citations omitted).

First, removal to federal court does not, on its own, suggest an intent not to arbitrate. *St. Agnes Med. Ctr.*, 31 Cal. 4th at 1205 ("[A] petitioning party does not waive its arbitration rights merely by seeking to change judicial venue of an action prior to requesting arbitration."). Second, the failure to produce documents does not suggest that Defendants have abandoned the right to arbitration, and Plaintiff cites no authority for this contention. Third, the arbitration provision in the Confidentiality Agreement with TCS does not indicate an intent not to arbitrate. In fact, this provision tends to demonstrate the converse, that TCS maintains such a strong intent to arbitrate that it has bound itself under separate agreements.

Plaintiff must overcome the "heavy burden" to show why Defendants manifested an intent not to arbitrate. Plaintiff has not overcome that burden. Plaintiff therefore fails to show Defendants' waiver of the right to compel arbitration.

**B.    Validity of the Arbitration Agreement**

The party seeking to compel arbitration "bears the burden of proving the existence of a valid arbitration agreement by a preponderance of the evidence." *Jones v. Jacobson*, 195 Cal. App. 4th 1, 15 (2011) (citation omitted). Courts determine the validity of an arbitration agreement by applying "ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Arbitration agreements are subject to general contract defenses, such as fraud, duress, or unconscionability. *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011).

An arbitration agreement or provision is unenforceable if it is both procedurally and substantively unconscionable. *Ting v. AT&T Corp.*, 319 F.3d 1126, 1148 (9th Cir. 2003); *Nagrampa v. Mailcoups, Inc.*, 469 F.3d 1257, 1280 (9th Cir. 2006). To establish an unconscionability defense, both procedural and substantive unconscionability need not be present to the same degree. *Nagrampa*, 469 F.3d at 1280. Substantive unconscionability focuses on the terms of the agreement or provision. *See 24 Hour Fitness, Inc. v. Super. Court*, 66 Cal. App. 4th 1199, 1213 (1998). Procedural unconscionability, on the other hand, concerns the formation of the contract and "focuses on factors of oppression and surprise." *Morris v. Redwood Empire Bancorp*, 128 Cal. App. 4th 1305, 1319 (2005).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00347-RGK-PJW | Date | March 15, 2019 |
|---|---|---|---|
| Title | *LUNN v. ALLIANZ GLOBAL CORP. & SPECIALTY SE, et al.* | | |

Plaintiff argues that the Arbitration Agreement is substantively unconscionable because (1) Plaintiff must arbitrate the claims he is most likely to bring against his employer; (2) Plaintiff is likely to incur higher costs; and (3) the Arbitration Agreement allows for inadequate discovery. The Court disagrees.

An agreement is substantively unconscionable when it is "unjustifiably one-sided to such an extent that it 'shocks the conscience.'" *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 923 (9th Cir. 2013) (quoting *Parada v. Super. Ct.*, 176 Cal. App. 4th 1554, 1578 (2009). Under California law, "the paramount consideration in assessing [substantive] unconscionability is mutuality." *Abramson v. Jupiter Networks, Inc.*, 115 Cal. App. 4th 638, 657 (2004).

First, the Arbitration Agreement is not unjustifiably one-sided, as it requires that *both* the employer and employee arbitrate their claims against the other. Plaintiff relies upon cases in which only the employee was restricted to arbitration, while the employer was not.[1] (Pl.'s Opp'n to Mot. to Compel Arbitration 12:18–22, ECF No. 22.)

Second, Plaintiff contends that the adherence to the JAMS Rules will "substantially increase[e] [Plaintiff's] expense when compared to proceeding in this Court." (Pl.'s Opp'n to Mot. to Compel Arbitration 14:7–8.) Plaintiff attributes a potential increase in costs to stenographers and travel. (*Id.* at 14:8–15, 16–23.) Plaintiff's argument that the cost of a stenographer is substantively unconscionable is unavailing. Even assuming Plaintiff must bear this cost alone, this is not one-sided as to "shock the conscience." With respect to travel costs, the Arbitration Agreement provides that "[t]he arbitration shall take place in the county . . . in which Employee is (or if Employee is no longer employed, was last) employed by the Company, and no other forum." (Oberg Decl. Ex. 3, at 3, ECF No. 14.) Plaintiff will not have to repeatedly travel to attend any potential arbitration proceedings and, as a result, will not have to incur costs he would not otherwise have if proceeding in this Court.

Third, the discovery rules under JAMS are not substantively unconscionable. Despite the "one deposition rule" for each side, the arbitrator must, under Rule 16.2(d)(i), consider the circumstances to determine whether additional depositions are warranted. Plaintiff cites *Fitz*, arguing that the discretionary nature of additional depositions is an "inadequate safety valve." (Pl.'s Opp'n to Mot. to Compel Arbitration 15:14–16.) Plaintiff's reliance on *Fitz* is misguided, however, as the arbitrator in *Fitz* was limited to additional depositions only upon a "compelling need." *See Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 718 (2004). Such a burden is not imposed upon the arbitrator under JAMS Rules.

Because the Arbitration Agreement is not substantively unconscionable, the Court need not address whether the Arbitration Agreement is procedurally unconscionable.

---

[1] While the Arbitration Agreement does limit some claims that the employee might bring—such as "claims for workers' compensation, state disability insurance, or unemployment insurance benefits" (Oberg Decl. Ex. 3, at 2, ECF No. 14.)—these claims have their own adjudicatory systems. *Mercuro v. Super. Ct.*, 96 Cal. App. 4th 167, 176 (2002). Their exclusion from the Arbitration Agreement therefore does not limit Plaintiff's right to relief.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-00347-RGK-PJW | Date | March 15, 2019 |
|---|---|---|---|
| Title | *LUNN v. ALLIANZ GLOBAL CORP. & SPECIALTY SE, et al.* | | |

### C. Scope of the Arbitration Agreement

The Court next considers whether the valid Arbitration Agreement encompasses Plaintiff's claims. "When determining whether the arbitration clause encompasses the claims at issue, 'all doubts are to be resolved in favor of arbitrability.'" *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999). The Arbitration Agreement provides the following:

> Arbitrable Claims include, but are not limited to: claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims . . . ; claims for retaliation, harassment, or discrimination . . . ; claims for benefits . . . ; and claims for violation of any federal, state, or other governmental law, statute, regulation, or ordinance. . . .

(Oberg Decl. Ex. 3, at 1.)

Plaintiff's Complaint alleges FEHA violations, tort claims, and California Labor Code violations. These are the precise types of claims the Arbitration Agreement covers. The Arbitration Agreement therefore encompasses Plaintiff's claims.

### V. CONCLUSION

In light of the foregoing, the Court **GRANTS** Defendants' Motion to Compel Arbitration pursuant to the Arbitration Agreement.

**IT IS HEREBY ORDERED** that this action be removed from the active caseload without prejudice to reopen the matter to enforce the arbitration.

_____ : _____

Initials of Preparer

_____